USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8 / 5 / 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ANTONIOS STAMOS,

                  Plaintiff,

    -against-

PRIME MEDICAL BILLING AND
MANAGEMENT, LLC d/b/a PRIME
MEDICAL BILLING,

                  Defendant.

-----------------------------------------------------------X

ORDER OF DISMISSAL

11 Civ. 4354 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff brings this action *pro se* alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.§§ 1692-1692(p). The Court grants Plaintiff's request to proceed *in forma pauperis* but dismisses the Complaint for the following reasons.

## STANDARD OF REVIEW

The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1988). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

Plaintiff alleges that Prime Medical Billing and Management, LLC ("Prime Medical") violated the FDCPA by mailing billing statements requesting payment in the amount of $104.00

for services rendered to Plaintiff by Batya Gorin, M.D.  Plaintiff alleges that he received these statements on February 27, 2010, March 18, 2010, July 7, 2010, December 2, 2010, April 14, 2011 and May 26, 2011.  Plaintiff asserts that despite five letters that he mailed to Prime Medical requesting that they cease and desist sending the billing statements to him, Prime Medical continued its collection efforts.  Plaintiff alleges that he "has suffered emotional and monetary damages" and seeks monetary damages in the amount of $55,000.00.

## DISCUSSION

A.     FDCPA

The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 - 1692o, prohibits debt collectors from utilizing collection practices that Congress found to be "abusive, deceptive, and unfair." 15 U.S.C. § 1692.  The legislative history of the FDCPA indicates that Congress intended the law to counteract collection abuses such as the use of "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." S. Rep. No. 95-382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696.  Moreover, the FDCPA regulates abusive collection tactics in relation to consumer, not commercial, debts. See 15 U.S.C § 1692(a)(5) (defining "debt" as "any obligation . . . of a consumer to pay money arising out of a transaction . . . primarily for personal, family, or household purposes"); Goldman v. Cohen, 445 F.3d 152, 154 n.1 (2d Cir. 2006) ("actions arising out of commercial debts are not covered by the protective provisions fo the FDCPA").

A "debt collector" is specifically defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  Under the FDCPA, "[a] debt

2

collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  The statute provides a non-exhaustive list of examples of practices that debt collectors may not employ, including "use[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

Here, while Plaintiff purports that Defendant failed to comply with his requests that they cease and desist sending the billing statements, the Complaint fails to allege that Defendant's conduct was abusive, deceptive or unfair. Plaintiff, therefore, has not presented a claim under the FDCPA, and his claim must be dismissed.  28 U.S.C. § 1915 (e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket.  Plaintiff's Complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

_Loretta A. Preska_
LORETTA A. PRESKA
Chief United States District Judge

Dated:  AUG 05 2011
New York, New York

3